UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN LONG, on behalf of all other similarly situated individuals,<br><br>　　Plaintiff,<br><br>　　v.<br><br>SIAM MARINA OF TINLEY PARK, INC., an Illinois Corporation, and TAMMY PHAM, individually, and SAPION CHUNG, individually,<br><br>　　Defendants. | Case: 1:23-cv-01231<br><br>Jury Trial Demanded |

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, John Long, on behalf of himself and on behalf of all other similarly situated individuals, by and through the undersigned counsel, hereby files this Complaint against Defendants, Siam Marina of Tinley Park, Inc., Tammy Pham, individually, and Sapion Chung, individually, (the "Defendants") and alleges as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* (the "FLSA") for Defendant's failure to pay overtime wages to Plaintiff and other similarly situated persons. Plaintiff and other hospitality workers worked in excess of forty (40) hours per week but Defendants failed to pay them overtime wages at a rate of one and one-half times their regular rate of pay.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to 29 U.S.C. § 201, *et. seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern

Division, pursuant to 28 U.S.C. § 1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. This Court has pendent jurisdiction and supplementary jurisdiction of Count II through 28 U.S.C. § 1367.

## PARTIES

5. At all times material to the allegations of this Complaint, Plaintiff, John Long, resides in Will County in the State of Illinois.

6. At all times material to the allegations in this Complaint, Defendant, Siam Marina of Tinley Park, Inc., is a corporation doing business in and for Will County whose principal office address is 16846 S Oak Park Avenue, Tinley Park, Chicago, IL 60477.

7. At all times material to the allegations in the Compliant, Defendant, Tammy Pham, individually, is the owner of Defendant, Siam Marina of Tinley Park, Inc., and is defined as an "employer" within the meaning of 29 U.S.C. § 203(a)and (d).

8. At all times material to the allegations in the Compliant, Defendant, Tammy Pham, individually, is the owner of Defendant, Siam Marina of Tinley Park, Inc., and is defined as an "employer" within the meaning of 29 U.S.C. § 203(a) and (d).

9. Each named Defendant, individually and as a group, is a "person" and an "employer" within the meaning of the 29 U.S.C. §203 (a) and (d) and may hereinafter be referred to jointly as the "Employer". Moreover, this same "Employer", individually or together as a group, is an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(r), and (s).

10. The Employer is, and at all times material to this action was, an organization which sells and/or markets and/or transports services and/or goods to customers in commerce within and beyond Illinois.

11. Upon information and belief, the annual gross revenue of the Employer was at all times material to this action in excess of $500,000.00 per annum.

12. By reason of the foregoing, the Employer is, and at all times material to this action was, an enterprise engaged in commerce or in the production of goods for commerce as defined in Sections 3(r) and 3(s) of the FLSA, 29 U.S.C., §§ 203(r) and 203(s). Moreover, the named Plaintiff, and others similarly situated, were individually engaged in commerce within the meaning of the FLSA by virtue of the nature of the work they performed.

13. The Plaintiff worked as a bartender taking orders over the phone from customers and from third-party online vendors. The Plaintiff's work for the Defendants likewise affects interstate commerce. Defendants employed Plaintiff as bartender employed by Siam Marina of Tinley Park, Inc. and Tammy Pham, individually, and Sapion Chung, individually.

## **GENERAL FACTUAL ALLEGATIONS**

14. Plaintiff began working for Defendants as a bartender in or around January, 2022.

15. Plaintiff does a specific job which is an integral part of the business of Defendants.

16. By Plaintiff's estimates, he routinely worked over 40 hours or more in a work week.

17. In most if not all work-weeks, Plaintiff was paid for forty (40) hours a week although he was actually working over (40) hours in a week.

18. While employed by Defendants, the Defendants failed to pay the Plaintiff halftime rate for any hours worked in excess of 40 hours in a week.

19. Plaintiff was paid $7.20 an hour starting on or about January 2022 and continuing through December 21, 2022, but was only paid for straight time for any hours that he worked in excess of 40 hours per week. Plaintiff seeks to recover for unpaid overtime and wages accumulated from the date of hire and/or from the date of the filing of this complaint.

20. Plaintiff was required to work in excess of 40 hours per week with no provisions for overtime wages.

21. At all material times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Defendants did not pay Plaintiff overtime wages for those hours

3

worked in excess of forty (40) within a work week.

22. During his employment, Plaintiff was not paid time and one-half his regular rate of pay, for all hours worked in excess of forty (40) within a work week during one or more weeks of employment.

23. Upon information and belief, records concerning the number of hours worked and amounts paid to Plaintiff, to the extent they have not been destroyed by Defendants, are in Defendants' possession.

## 216(b) COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff asserts his Court I Claim under the FLSA, pursuant to 29 § 216(b) on behalf of himself and on behalf of all similarly situated employees currently and formerly employed by Defendant.

25. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the following class as follows:

> **216(b) Class: All current and former security guards of Siam Marina of Tinley Park, LLC who were not compensated overtime wages for those hours worked in excess of forty (40) hours within a work week.**

26. All potential 216(b) Class members are similarly situated because, among other things, they were all employees of Defendants and, upon information and belief, all suffered from the same policies of Defendants; they were paid up to forty (4) hours a work week without regard to the actual number of hours worked, which far exceeded forty (40) hours.

## COUNT I
### Violation of the Fair Labor Standards Act -- Overtime Wages
### (Plaintiff on his own behalf and on behalf of all similarly-situated employees)

27. Plaintiff hereby realleges and incorporates paragraphs 1 through 26 as set forth fully herein.

28. At all times material hereto, the Defendants failed to comply with Title 29 U.S.C. §§201-219 and 29 C.F.R. and § 516.2 and §516.4 et seq. in that the Plaintiff performed services

4

and no provision was made by the Defendants to properly pay them as required by the act. The additional persons who may become Plaintiff in this action were weekly paid employees and/or former employees of the Defendants, Siam Marina of Tinley Park, Inc., who are and who were subject to the unlawful payroll practices and procedures of the Defendants.

29. The Defendants knew and/or showed reckless disregard for the provisions of the Act concerning the payment of wages required by the Fair Labor Standards Act (FLSA) and remain owing the Plaintiff unpaid wages as set forth above.

30. The Plaintiff are entitled to recover double damages. Defendants never posted any notice, as required by the Fair Labor Standards Act (FLSA) and Federal Law, to inform employees of their federal rights to minimum wage payments.

31. The Defendants willfully and intentionally refused to pay the Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these unpaid wages since January 2022.

32. The Plaintiff has retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorney's fee.

33. The Defendants have violated the FLSA's prompt payment requirement by failing to pay Plaintiff, promptly.

34. The Defendants violation of FLSA provisions concerning prompt, regular payment of wages were willful.

35. The Defendants knew and/or showed reckless disregard for the provisions of the FLSA and its regulations concerning prompt, regular payment of wages.

36. The Plaintiff is entitled to recover liquidated damages in an amount equal the actual damages for Defendant's FLSA violation.

WHEREFORE, Plaintiff, John Long, and others similarly situated demand the following: liquidated damages for the untimely payment of wages after the scheduled pay date; payment of

unpaid minimum wages for every hour worked during applicable pay periods, together with reasonable attorney's fees and costs, to be proven at the time of trial. In the event that Plaintiff does not recover liquidated damages as allowed, then Plaintiff and those similarly situated demand an award of prejudgment interest as a lesser alternative to liquidated damages.

## COUNT II
## **WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST DEFENDANTS**

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-13 above as if set out in full herein.

38. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

39. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendants operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendants obtains and solicits funds from non-Illinois sources, accepts funds from non-Illinois sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Illinois, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer/Defendants was at all times material hereto in

excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

40. By reason of the foregoing, the Employer/Defendants are and were during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendants. Defendants business activities involve those to which the Fair Labor Standards Act applies. The Defendant worked as a bartender taking orders over the phone from customers and from third-party online vendors. The Plaintiff's work for the Defendants likewise affects interstate commerce. Plaintiff's employment as a bartender taking orders over the phone from customers and from third-party online vendors performed various duties which included, any and all works that were necessary of his in his capacity.

41. At all times material hereto, the Employer/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiff in this action are bi-weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

42. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with

Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

43. At the times mentioned, Defendants Tammy Pham and Sapion Chung were, and are now, the Managers and/or owner of Defendant Corporation. Defendants, Tammy Pham and Sapion Chung were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of Defendant in relation to the employees of Defendant, including Plaintiff and others similarly situated. Defendants, Tammy Pham and Sapion Chung had operational control of the business, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

44. Defendants, Siam Marina of Tinley Park, Inc. and Tammy Pham and Sapion Chung, individually, willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

45. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiff, John Long, and others similarly situated demand the following: liquidated damages for the untimely payment of wages after the scheduled pay date; payment of unpaid minimum wages for every hour worked during applicable pay periods, together with reasonable attorney's fees and costs, to be proven at the time of trial. In the event that Plaintiff does not recover liquidated damages as allowed, then Plaintiff and those similarly situated demand an award of prejudgment interest as a lesser alternative to liquidated damages.

## COUNT III
### Violation of the Illinois Minimum Wage Law -- Overtime Wages
**(Plaintiff individually only)**

46. Plaintiff hereby realleges and incorporates paragraphs 1 through 19, of this Complaint.

47. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

48. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a.

49. Plaintiff brings this action pursuant to 820 ILCS 105/12(a). Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

50. Defendants violated the IMWL by refusing to compensate Plaintiff at one and one-half times his normal hourly rate of pay for all hours worked in excess of forty (40) hours per week.

51. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus prejudgment interest in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

    a. A judgment in the amount of one and one-half times his regular rate of pay for all hours in which Plaintiff worked in excess of forty (40) hours in individual work weeks;

    b. Prejudgment interest pursuant to the formula set forth in 820 ILCS 105/12(a);

    c. Reasonable attorneys' fees and costs incurred in filing this action; and

9

    d. For such other and further relief as this Court deems appropriate and just.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 28th day of February, 2023.

                **/s/** *Nathan C. Volheim*
                **NATHAN C. VOLHEIM, ESQ.**
                Bar No.: 6302103
                **FRANKLIN JARA, ESQ.**
                Bar No.: 636681
                **SULAIMAN LAW GROUP LTD.**
                2500 S. Highland Avenue, Suite 200
                Lombard, Illinois 60148
                Phone (630) 568-3056
                Fax (630) 575 - 8188
                nvolheim@sulaimanlaw.com
                fjara@sulaimanlaw.com
                *Attorneys for Plaintiff*