**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN LONG, on behalf of all other similarly situated individuals, | ) ) ) | No. 23-cv-01231 |
| Plaintiff, | ) ) ) | Hon. Edmund E. Chang |
| v. | ) ) ) | Hon. Magistrate Judge Jeffrey Cummings |
| SIAM MARINA OF TINLEY PARK, INC., an Illinois corporation, and TAMMY PHAM, individually, and SAIPON CHUNG, individually, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**THE PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff, John Long ("Long"), and Defendants, Siam Marina of Tinley Park, Inc. ("Siam Marina"), Tammy Pham and Sapion Chung (collectively, "Defendants") (Long and the Defendants are jointly referred to as the "Parties"), through their undersigned counsel, respectfully move for approval of their settlement in this action, which was brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.* ("IMWL"). The Parties respectfully submit that the terms of the settlement are fair, reasonable and resolve a *bona fide* dispute among them. In support of this Motion, the Parties state the following:

1. On February 28, 2023, Long filed this action seeking overtime compensation under the FLSA and IMWL. (Complaint, Dkt. 1). Defendants answered the Complaint. (Dkt. 15).

2. The Parties have engaged in arm's-length settlement negotiations privately through counsel and agreed to resolve Long's claims. The total settlement amount for Long's claims is $11,000, inclusive of attorneys' fees and costs. The proposed Settlement Agreement contains a general release of claims by Long, and the Defendants seek dismissal of this lawsuit.

3. Prior to reaching a settlement, counsel for the Parties conducted thorough investigations into the merits of and defenses to Long's claims. In addition, the Defendants produced, among other information, a detailed analysis of the amount of Long's hours worked and overtime hours worked, as well as his time and pay records for the entire limitations periods. With this information, the Parties had the ability to fully analyze Long's claims and alleged damages calculations, which they did. Therefore, the Parties have sufficient information to agree to a settlement.

4. In the Seventh Circuit, settlements of FLSA claims must be approved by a court of competent jurisdiction. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (*citing Lynn's Food Stores, Inc. v. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2001 WL 1403007, at *6 (N.D. Ill. Nov. 7, 2001); *see also Cheeks v. Freeport Pancake House, Inc.*, 496 F.3d 199 (2d Cir. 2015). A plaintiff may compromise a claim under the FLSA pursuant to a court-authorized settlement of an action alleging a violation of the FLSA. *See*, *e.g.*, *Lynn's Food Stores, Inc.*, 679 F.2d at 1355. When reviewing a proposed FLSA settlement, the district court must scrutinize the settlement for fairness and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1353, 1355. If a settlement in a FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

5. The settlement reached by the Parties is fair and reasonable. The settlement appropriately factored in the complexity, risk, expense, the uncertainties for a favorable outcome, and range of reasonableness of the settlement in light of the best possible recovery. The Parties

recognized the risks inherent in proceeding with the litigation. More specifically, the Defendants recognized their potential exposure if Long prevailed at trial. Long recognized the risk that he could lose on summary judgment or at trial and not recover all or any of his alleged damages, as well as the risk that even if he prevailed in this matter, his damages could possibly have been minimal. *See*, *e.g.*, *Black v. Renaissance Learning, Inc.*, No. 15-cv-635-jdp, 2016 U.S. Dist. LEXIS 192763, *14-15 (W.D. Wis. Nov. 10, 2016) (prompt settlement benefits all parties by avoiding long, drawn-out litigation, and it spares defendants the cost of continuing to pay its attorneys through a trial).

6. Additionally, the settlement is within the range of possible recovery. As is often the case with wage and hour claims, the nature and amount of potentially recoverable damages was uncertain. Even if a trier of fact ultimately found liability, a range of possible damages existed depending on factors including, but not limited to, whether Long worked overtime and, if so, the amount of overtime hours worked, the amount of his alleged damages, the Parties and their witnesses' credibility, the Defendants' knowledge, willfulness and good faith, and whether liquidated and/or treble damages should be assessed.

7. Should this matter have continued in the absence of a negotiated resolution, the Parties would have engaged in formal discovery, including the taking of depositions. The Defendants possibly would have filed a motion for summary judgment, which could have addressed multiple threshold issues, including whether Long was entitled to overtime compensation. To the extent any such summary judgment motion were denied, the case would have proceeded to trial. If Long prevailed on his claims, the Defendants would potentially be faced with the prospect of a verdict against them and the obligation to pay damages, attorneys' fees and costs. That would be an extraordinarily difficult scenario for Defendants, all of whom

are involved in the operation of Siam Marina, which is a small, family-owned restaurant. If the Defendants prevailed, Long faced dismissal of his claims, no recovery and the prospect of being taxed for the Defendants' costs, an outcome that would be financially difficult for Long to bear.

8. Based upon the foregoing reasons, the Parties request that this Court review their Settlement Agreement, approve the same, and dismiss Long's claims without prejudice with leave to reinstate on or before July 28, 2023, and in the event a motion to reinstate is not filed on or before July 28, 2023, the case shall be deemed, without further order of the Court, to be dismissed with prejudice. Each party shall bear their own fees and costs in accordance with the terms of the Settlement Agreement.

9. A copy of the Settlement Agreement is attached hereto as **Exhibit A**.

10. The Parties will submit a Joint Proposed Order for the Court's consideration to Proposed_Order_Chang@ilnd.uscourts.gov.

**WHEREFORE,** for all these reasons, the Parties respectfully request that the Court issue an order: (1) approving the Settlement Agreement; and (2) dismissing Long's claims without prejudice with leave to reinstate on or before July 28, 2023, and in the event a motion to reinstate is not filed on or before July 28, 2023, the case shall be deemed, without further order of the Court, to be dismissed with prejudice.

Dated: June 29, 2023

Respectfully Submitted,

| | |
|---|---|
| **PLAINTIFF JOHN LONG** | **DEFENDANTS SIAM MARINA OF TINLEY PARK, INC., SAIPON CHUNG AND TAMMY PHAM** |
| By: /s/Franklin A. Jara<br>    One of His Attorneys | By: /s/Matthew P. Kellam<br>    One of Their Attorneys |
| Franklin A. Jara<br>Nathan C. Volheim<br>Sulaiman Law Group, Ltd.<br>2500 S. Highland Avenue<br>Suite 200<br>Lombard, IL 60148<br>(331) 272-8010<br>fjara@sulaimanlaw.com<br>nvolheim@sulaimanlaw.com | Matthew P. Kellam (ARDC No. 06303675)<br>Laner Muchin, Ltd.<br>515 N. State Street, Ste. 2400<br>Chicago, IL 60654<br>(312) 467-9800<br>mkellam@lanermuchin.com |
| **Attorneys for Plaintiff** | **Attorney for Defendants** |

**CERTIFICATE OF SERVICE**

Matthew P. Kellam, an attorney, certifies that he caused the foregoing **Parties' Joint Motion For Approval of Settlement Agreement** to be served on the parties below, via the Court's ECF filing system on this 29th day of June 2023, addressed to:

> Franklin A. Jara
> Nathan C. Volheim
> Sulaiman Law Group, Ltd.
> 2500 S. Highland Avenue
> Suite 200
> Lombard, IL 60148
> (331) 272-8010
> fjara@sulaimanlaw.com
> nvolheim@sulaimanlaw.com
>
> Attorneys for Plaintiff

/s/Matthew P. Kellam